# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00168-MR

| | |
|---|---|
| CARNELL LAVANCE MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I. PROCEDURAL HISTORY

The Plaintiff, Carnell Lavance Moore ("Plaintiff"), filed his application for supplemental security income under Title XVI of the Social Security Act (the "Act") and of the Act. [Transcript ("T.") at 151]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 92, 100]. Upon Plaintiff's request, a hearing was held on October 30, 2017 before an Administrative Law Judge ("ALJ"). [T. at 34-59]. On November 22, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was

not disabled within the meaning of the Act since the application date February 23, 2015. [T. at 16-33]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-7]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fourth step.

5

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his application date, February 23, 2015. [T. at 21]. At step two, the ALJ found that the Plaintiff has severe impairments including left shoulder disorder, depression, anxiety, and unspecified personality disorder. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds; he can perform occasional overhead reaching with the left upper extremity; he can perform frequent handling and fingers with the left upper extremity; and he can perform simple, routine, repetitive tasks with occasional public contact.

[T. at 22-3].

At step four, the ALJ identified Plaintiff's past relevant work as a janitor, cleaner, and construction flagger. [T. at 28]. The ALJ then determined that the Plaintiff is unable to perform his past work as a janitor. [T. at 28-9]. However, the ALJ found that with the Plaintiff is able "to perform his past relevant work as a cleaner as he actually performs it and as a construction

6

flagger as he is currently performing." [T. at 29]. Even if the Plaintiff was unable to perform his past relevant work, the ALJ further concluded that based on the testimony of the VE, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including housekeeper, inspector, and box sealer. [Id.]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act since February 23, 2015, the application date. [Id.].

## V. DISCUSSION[1]

The Plaintiff asserts two assignments of error. First, the Plaintiff argues that the ALJ "was improperly appointed, due to a violation of the [A]ppointments [C]lause of the U.S. Constitution in her [sic] appointment, as set out by the U.S. Supreme Court in Lucia v. SEC ." [Doc. 12 at 12]. Second, the Plaintiff broadly asserts "Mascio Violation" as his second assignment of error. [Id. at 15]. The Defendant, on the other hand, asserts that the Plaintiff has forfeited his Appointments Clause challenge by failing to raise the issue during the administrative process. [Doc. 14 at 4-12]. The Defendant further asserts that the ALJ's decision was supported by substantial evidence and

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

reached through the application of the correct legal standards. [Id. at 13-6]. The Court turns to the Plaintiff's first assignment of error.

### 1. Appointments Clause Challenge

Without filing a separate motion apart from his Motion for Summary Judgment, and four months after filing this appeal, Plaintiff raises the argument that his case must be remanded based on the Supreme Court's reasoning in Lucia v. SEC, 138 S. Ct. 2044, 201 L.Ed.2d 464 (2018). [See Docs. 10, 13, 15]. The thrust of the Plaintiff's argument appears to be that the process for appointing ALJs to adjudicate Social Security claims is not in compliance with the Appointments Clause of the Constitution, Article II, Section 2. Plaintiff therefore concludes that he is entitled to a new hearing before a properly appointed officer, once such officer can be installed. [Doc. 16 at 2-3]. In Lucia the Supreme Court held that the ALJs of the Securities and Exchange Commission, by the nature of their duties, are "Officer[s] of the United States," and therefore must be nominated by the President and confirmed by the Senate, or otherwise installed consistent with the Appointments Clause. 138 S. Ct. at 2055. Plaintiff asserts (with little explanation) that the holding in Lucia applies equally to Social Security ALJs.

In Lucia, however, the Supreme Court held that "*one who makes a timely challenge* to the constitutional validity of the appointment of an officer

8

who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182–183, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)) (emphasis added). In that case, the plaintiff timely contested the validity of the ALJ's appointment by raising the challenge before the Securities and Exchange Commission, as well as in the Court of Appeals and the Supreme Court. Id. In the present case, however, Plaintiff has forfeited this issue by failing to raise it during his administrative proceedings. See Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554 (W.D.N.C. Oct. 10, 2018) (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)). For these reasons, the Plaintiff's assignment of error is without merit. Further, to the extent Plaintiff attempts to improperly insert a motion to remand in his first assignment of error, the Court denies Plaintiff's motion and will address the remaining assignment of error.

### 2. Mascio Violation

The Plaintiff simply asserts "Mascio violation" as his second assignment of error. [Doc. 12 at 15]. After asserting this assignment of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignment of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Shipman v. Berryhill, No. 1:17-CV-00309-MR, 2019 WL 281313, at *4 (W.D.N.C. Jan. 22, 2019) (Reidinger, J.); Sneden v. Berryhill, No. 1:17-CV-00030-MR, 2018 WL 1385790, at *3 (W.D.N.C. Mar. 19, 2018) (Reidinger, J.); Curry v. Berryhill, No. 1:16-CV-00388-MR, 2018 WL 1277746, at *4 (W.D.N.C. Mar. 12, 2018) (Reidinger, J.); Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-

CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into his sole assignment of error, the Court disregards those arguments.[2]

Although far from clear, the thrust of Plaintiff's argument appears to be that the ALJ failed to account for the Plaintiff's moderate limitations in concentration, persistence, or pace. [Doc. 12 at 19]. Specifically, the Plaintiff asserts, in pertinent part, as follows:

> The critically important error of ALJ Schwartzberg is the limitation of the Plaintiff in this case to simple, unskilled work without adequately accounting for the Plaintiff's identified limitations … [A]n ALJ does not account for a [Plaintiff]'s limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.

[Doc. 12 at 19] [Quotation marks and citations omitted].[3]

---

[2] After asserting his second assignment of error, the Plaintiff presents several quotes from the transcript of the testimony concerning the Plaintiff's left shoulder and history of stroke. [Doc. 12 at 17-8]. However, the Plaintiff fails to tie these quotes to the argument regarding the Plaintiff's moderate limitations in concentration, persistence, or pace, and fails to even address the Plaintiff's mental health issues in his assignment of error. Moreover, the Plaintiff does not even mention the application of the "special technique" of 20 CFR §§ 404.1520a, 416.920a. Such a haphazard, stream-of-consciousness brief is difficult to follow and avails the Plaintiff nothing for want of any clearly articulated assignments of error.

[3] Even accepting this statement as providing a discernable argument, the Plaintiff still misses the mark. Specifically, the ALJ in this matter did not limit the Plaintiff to "simple, unskilled work." [Doc. 12 at 19]. Rather, the ALJ, in both his hypothetical question to the

11

Here, the ALJ provided the necessary detailed assessment of the Plaintiff's mental limitations. The ALJ specifically observed that the Plaintiff's identified mental disorders could reasonably result in some limitations, but not to the extent that the Plaintiff alleged. [T. at 27]. In finding the Plaintiff has moderate limitations in the four broad areas of functioning, the ALJ explained that the Plaintiff's limitations may interfere with complex and detailed activities, but the Plaintiff's performance of a simple routine is appropriate, effective, and sustainable. [T. at 22]. Specifically, with regard to the Plaintiff's moderate limitations in concentration, persistence, or pace, the ALJ specifically stated that the Plaintiff "can sustain focused attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in routine and repetitive, not detailed or complex, work settings." [Id.]. Having already explained his findings in the four broad areas of functioning, the ALJ later explained that based on the evidence related to the Plaintiff's mental impairments and reported activities of daily living, the Plaintiff is capable of simple, routine, repetitive tasks with occasional public contact. [T. at 25-8]. Thus, the ALJ correctly assessed the

---

VE and in his RFC determination, limited the Plaintiff to "simple, routine, repetitive tasks with occasional public contact." [T. at 23, 55]. Remarkably, within the same paragraph, the Plaintiff accurately quotes the ALJ's hypothetical to the VE prior to inaccurately quoting the limitations posed by the question. [Doc. 12 at 19].

Plaintiff's mental functioning and formulated an appropriate RFC to accommodate the Plaintiff's mental limitations.

To the extent Plaintiff argues that unskilled jobs do not account for moderate difficulties in concentration, persistence, or pace, unskilled work requires only that an individual be able to sustain attention for two-hour periods at a time. Social Security Program Operations Manual System (POMS) DI 25020.010.A.3.[4] As such, "concentration is not critical" to unskilled jobs. [Id.]. Further, to the extent that the Plaintiff attempts to argue that he cannot maintain concentration for the two consecutive hours required to do unskilled work, the Plaintiff fails to cite any evidence of record to support such a claim. Moreover, the ALJ cited to substantial evidence of record indicating the Plaintiff's ability to maintain concentration, persistence, or pace. Specifically, the ALJ cited the opinion of the consultative psychological evaluator, Karen Marcus, Psy. D., that Plaintiff may have only "mild problems with attention/concentration." [T. at 25-6, 227]. The ALJ also cited the opinions of the state agency medical psychologists, that opined the Plaintiff is capable of meeting the basic mental and emotional demands of simple repetitive work on a sustained basis. [T. at 28, 66, 87]. Further, the

---

[4] Available at https://secure.ssa.gov/poms.nsf/lnx/0425020010 (last visited July 25, 2019).

ALJ explained how he accounted for all of the Plaintiff's mental limitations in formulating his RFC by citing to the evidence of record and the Plaintiff's reported activities of daily living. [T. at 25-8]. Thus, the ALJ adequately accounted for the Plaintiff's limitations in concentration, persistence, or pace.

For all of these reasons, the Court concludes that the ALJ did not err in assessing the Plaintiff's mental limitations. The Plaintiff's second assignment of error, therefore, is without merit.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 13] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: August 6, 2019

Martin Reidinger
United States District Judge